# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EZEKIEL C. CROSS, JR.,**

    **Petitioner,**

v.                                     **Civil Action No. 1:04cv218**
                                          **(Judge Broadwater)**

**DOMINIC A. GUTIERREZ,**

    **Respondent.**

## REPORT AND RECOMMENDATION/ OPINION

## I. PROCEDURAL HISTORY

On October 8, 2004, the *pro se* petitioner, an inmate at FCI-Morgantown, Morgantown, West Virginia, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, in which he asserts that the Bureau of Prisons ["BOP"] denied him early release under 18 U.S.C. §3621(e)(2)(B) because he received a gun enhancement. According to the petitioner, the denial was based on a regulation which was enacted in violation of the Administrative Procedure Act ["APA"].

On January 20, 2005, the petitioner filed a Motion for Leave to Supplement 28 U.S.C.A. §2241 Motion in which he wishes to raise a claim under United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005).

On February 22, 2005, the petitioner filed a Motion to Take Judicial Notice F.R. Evid. 201 in which he requests that the Court take notice of various adjudicative facts.

This matter which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, and is ripe for review.

## II. FACTS

The petitioner was convicted in the United States District Court for the District of South Carolina of violating 21 U.S.C. §846 and 21 U.S.C. §841(a)(1). On May 17, 2000, he was sentenced to 200 months imprisonment. The petitioner states his sentence was subsequently changed to 108 months imprisonment. The petitioner's sentence included a two level enhancement for the presence of a firearm.

The petitioner attached to his petition a portion of his sentencing transcript wherein the sentencing judge recommended that the BOP consider the petitioner for placement in the 500-hour drug treatment program ["RDAP"]. The judge further stated that "the completion of that drug treatment program will shave some time off of your sentence, whatever your sentence ends up to be." On January 23, 2004[1], the petitioner was advised that it appeared he qualified for participation in RDAP but that he was not eligible for early release because of a weapons enhancement. On April 22, 2003, the petitioner filed an Attempt for Informal Resolution regarding his eligibility for early release. On April 28, 2003, the petitioner's counselor advised him that because his sentence included a two-level enhancement for possession or use of a firearm, he was not eligible for early release under 18 U.S.C. §3621(e)(2)(B) and 28 C.F.R. §550.58(a)(1)(vi)(B). The petitioner states that he did not proceed further through the administrative process because such would be futile.

The petitioner requests that the Court direct the Bureau of Prisons to consider his eligibility for early release without considering the §2D1.1(b)(1) gun enhancement.

---

[1] Based on when the petitioner filed his Attempt at Informal Resolution, the date may be January 23, 2003.

## III. ANALYSIS

### A. Exhaustion

Federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004).

The petitioner asserts that exhaustion of the BOP's decision to deny him early release would be futile. Even if exhaustion would be futile because the BOP has adopted the policy which denies early release in the circumstances presented in this case, the petitioner's §2241 petition is without merit.

### B. There is no violation of the APA

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In 1994, Congress authorized the BOP to reduce by up to one year the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a treatment program. 18 U.S.C. § 3621(e)(2)(B)[2]; Pelissero v. Thompson, 170 F.3d 442, 443-444 (4th Cir. 1999).

Congress delegated to the BOP authority to administer its drug abuse programs. See 28 C.F.R. §550.56; and gave the BOP the discretion to determine which prisoners may participate in

---

[2]This section provides as follows:
The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

3

RDAP and which prisoners are eligible for sentence reductions. Lopez v. Davis, 531 U.S. 230 (2001).

However, Congress did not define the term "nonviolent offense" used in §3621(e)(2)(B). Consequently, the BOP adopted a regulation in May 1995, which defined "'nonviolent offense' as a converse of 'a crime of violence,'" and "excluded from eligibility for early release under §3621(e)(2)(B) those inmates whose 'current offense is determined to be a crime of violence' as set forth in 18 U.S.C. §924(c)(3)." Pelissero, 170 F. 3d at 444; see also 28 C.F.R. §550.58. In addition to enacting the regulation, in May 1995, the BOP adopted Program Statement 5330.10 which reiterated Regulation 550.58. Additionally, in July 1995, the BOP adopted Program Statement 5162.02 "to further assist case management staff in deciding whether an inmate qualifies for early release under 18 U.S.C. §3621(e)(2)(B) and under implementing Regulation 550.58." Program Statement 5162.02 identified offenses that may be crimes of violence and specifically provided that an individual who is convicted of a drug offense under 21 U.S.C. §841 and received a two-level enhancement for possession of a gun has been convicted of a crime of violence. Id.

However, as noted by the Fourth Circuit in Pelissero, some federal courts held that possession of a firearm by a felon is not a crime of violence under 18 U.S.C. §924(c) so the BOP adopted a revised Regulation 550.58 in October 1997. In its revised regulation, the BOP deleted the crime of violence definition from 18 U.S.C. §924(c) but stated that at the director's discretion inmates whose current offense is a felony which involved the carrying, possession, or use of a firearm or other dangerous weapon were excluded from eligibility for early release. The BOP amended Program Statement 5330.10 to reflect this change and also adopted Program Statement 5162.04, effective October 9, 1997, which provided that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the

discretion of the Director of the Bureau of Prisons."

The 1997 regulation was an interim regulation which was finalized on December 22, 2000. See 65 Fed. Reg. 80745.

The petitioner asserts that 28 C.F.R. §550.58 violates the APA because the BOP did not comply with the notice and comment requirements of 5 U.S.C. §553 in enacting the 1997 regulation. The APA requires administrative agencies, including the BOP, to provide notice of the proposed rule and a public comment period. See 5 U.S.C. §553[3]; Chen Zhou Chai v. Carroll, 48 F.3d 1331 (4th

---

[3]

**§ 553. Rule making**

**(a)** This section applies, according to the provisions thereof, except to the extent that there is involved--

**(1)** a military or foreign affairs function of the United States; or

**(2)** a matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts.

**(b)** General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--

**(1)** a statement of the time, place, and nature of public rule making proceedings;

**(2)** reference to the legal authority under which the rule is proposed; and

**(3)** either the terms or substance of the proposed rule or a description of the subjects and issues involved.

Except when notice or hearing is required by statute, this subsection does not apply--

**(A)** to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or

**(B)** when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

**(c)** After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation. After consideration of the

Cir. 1995). However, the notice and comment period of APA does not apply to"to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. §553(b)(3).

A regulation which does not comply with the APA is invalid. See Auer v. Robbins, 519 U.S. 452, 459 (1997). The undersigned notes that in Bohner v. Daniels, 243 F. Supp. 2d 1171 (D.Or. 2003) the District of Oregon held that the BOP violated §553(b) and (d) in enacting the 1997 regulation. The court noted that the BOP referred to the 1997 rule as an interim rule and invited public comment. However, the effective date of the interim rule was October 9, 1997, but nothing was published in the Federal Register until October 15, 1997. The court further found that no exceptions to §553(b) applied.

However, the petitioner's case differs from the Bohner case as the petitioner's eligibility for early release was not determined under the 1997 interim rule as Bohner's was. Instead, the petitioner's eligibility was considered pursuant to the 1997 rule as finalized in December 2000.

---

relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose. When rules are required by statute to be made on the record after opportunity for an agency hearing, sections 556 and 557 of this title apply instead of this subsection.

**(d)** The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except--

**(1)** a substantive rule which grants or recognizes an exemption or relieves a restriction;

**(2)** interpretative rules and statements of policy; or

**(3)** as otherwise provided by the agency for good cause found and published with the rule.

**(e)** Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule.

Here, the petitioner was found eligible to participate in RDAP on January 23, 2003 or 2004, after the December 2000 rule was finalized. The December 2000 rule could finalize an invalid interim rule. See Miller v. Gallegos, 2005 WL 256546 (10th Cir. 2005)(unpublished).[4] Because the petitioner's eligibility for early release was considered under the December 2000 rule which was made effective on December 22, 2000, after the comment period expired, there is no APA violation and the petitioner's claim is without merit. See Miller (Tenth Circuit agreed with the district court that while the interim regulations may have been invalid under the APA for failure to comply with the notice and comment procedures of 5 U.S.C. § 553, the regulation had been properly finalized before its application to the petitioners who had not entered RDAP before the final regulation became final).

Further, the petitioner's motion for judicial notice should be denied as he requests that the Court take notice of "facts" which he indicates supports his claim that the BOP violated the APA.

### IV. **MOTION TO AMEND**

The petitioner filed a Motion to Amend wherein he states that the application of the firearm enhancement violates Booker.[5]

---

[4]Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

[5]Blakely v. Washington, ____ U.S. ____, 124 S.Ct. 2531 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ____, 124 S.Ct. at 2537 (citations omitted).
Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Pursuant to 28 U.S.C. §2242, the petition can be amended as provided by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of amendment, etc. -- the leave sought should, as the rule requires, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988). However, the court has the discretion to either grant or deny the motion to amend. Foman, 371 U.S. at 182.

No responsive pleading has been filed. Thus, it was not necessary for the petitioner to file a Motion to Amend. Nonetheless, because the petitioner has raised an entirely new argument which does not relate to his claim of a violation of the APA and he seeks to attack his sentence, the undersigned recommends that the petitioner's motion to amend be denied as being futile.

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the

imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Booker does not afford the petitioner relief under §2241 because it is a rule of constitutional law, and thus, the petitioner can not meet the third prong of Jones, supra. Thus, the petitioner's motion to amend should be denied as being futile.

## V.  **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE because his claim is without merit. It is further recommended that the petitioner's motion for judicial notice and motion for leave to amend be DENIED.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: June 3, 2005  /s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE